## DURKIN v. LARSON.

(First Division. Ketchikan. December 13, 1920.)

No. 438–KA.

Mines and Minerals ⚖23(5)—Statutes.

> Section 2324, U. S. Rev. St. 1878 (U. S. Comp. St. § 4620), provides for the doing of annual assessment work to the extent of $100 on each and every mining claim. By resolution of Congress approved October 5, 1917 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 4620b), section 2324 was suspended for the years 1917 and 1918. Defendant's annual assessment work was not done for those years, and plaintiff located the claims for that reason. *Held*, the resolution of October 5, 1917, applied to Alaska, and plaintiff's attempted location of such mining claims was void.

Will H. Winston, of Ketchikan, for plaintiff.
Shoup & Shoup, of Ketchikan, for defendant.

JENNINGS, District Judge. Section 2324, R. S. U. S. (U. S. Comp. St. § 4620), provides for the doing of annual assessment work to the extent of $100 on each and every mining claim.

By resolution of Congress approved October 5, 1917, said section 2324 was suspended for the years 1917 and 1918.

Relying upon said resolution, defendants did not do the assessment work on the claims in dispute for the said years 1917 and 1918. Plaintiff, conceiving that the said resolution did not apply to locators and owners of mining claims in Alaska, peaceably located the claims in dispute on the 2d day of January, 1919.

It is conceded that, if the said resolution was in force as to claims in Alaska, defendants are entitled to a decree, and that, if said resolution was not in force as to claims in Alaska, plaintiff is entitled to a decree.

As sustaining his contention, plaintiff calls attention to the fact that by joint resolution approved February 28, 1919, the former resolution was specifically extended to Alaska, the argument being that Congress would not have passed said last-mentioned resolution if the resolution of 1917 did of its own force apply to mining claims in Alaska. I do not think that there is a great deal of force in this argument for the reason

⚖See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that legislative bodies, out of abundance of caution, do often pass acts with the object and purpose simply of setting at rest questions which may be mooted as to the force and effect of prior legislation. The real question in this case is whether or not the resolution of 1917 was of itself of force and effect as to mining claims in Alaska, and I do not entertain any doubt that this question should be answered in the affirmative.

By the act of 1884 (23 Stat. 24, c. 53, § 7) it was provided:

"That the general laws of the state of Oregon now in force are hereby declared to be the law in said district so far as the same may be applicable and not in conflict with the provisions of this act or the laws of the United States."

Section 8 of said act provided:

"That the said district of Alaska is hereby created a land district, and a United States land office for said district is hereby located at Sitka, * * * and the laws of the United States relating to mining claims, and the rights incident thereto, shall, from and after the passage of this act, be in full force and effect in said district, under the administration thereof herein provided for, subject to such regulations as may be made by the Secretary of the Interior, approved by the President."

The intention of Congress that mining rights in Alaska should be governed by the general laws of the United States is made manifest again by section 26 of Act June 6, 1900, 31 Stat. 321, c. 786 (U. S. Comp. St. § 5047). And in Act approved August 24, 1912, § 3, 37 Stat. 512 (U. S. Comp. St. § 3530), Congress again provided:

"That the Constitution of the United States, and all the laws thereof which are not locally inapplicable, shall have the same force and effect within said territory as elsewhere in the United States."

The same logic which would justify the sustaining of plaintiff's contention would warrant the conclusion that, while the Constitution as it formerly existed was in force and effect in Alaska, yet the Eighteenth and Nineteenth Amendments are not in force, nor are the amendments to the Bankruptcy Act (U. S. Comp. St. §§ 9585–9656) or to the Harrison Narcotic Act (U. S. Comp. St. §§ 6287g–6287q), nor many other amendments of general laws of the United States passed since 1912.

It has been decided by the Supreme Court of the United States that Alaska is not simply an "outlying province" of the United States, but that it has been incorporated in, and

has become a part of, the United States. Rasmussen v. U. S., *197* U. S. 517, 25 Sup. Ct. 514, 49 L. Ed. 862.

Deciding, as the court does, that the resolution of 1917 was in full force and effect in Alaska and did not need the supplementary resolution of 1919, general findings may be made in favor of the defendants, and a decree entered in accordance therewith.

---

⊚⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes